IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:19cr00047 |
| | ) | **ORDER** |
| NANCY DEGOLLADO, et al., | ) | |
|     Defendants | ) | |

This matter came before the undersigned on the motions for discovery filed on behalf of the defendants, Shannon Nicole Chapman, David Wayne Sexton, Michael Scott Dear and Shannon Marie Wilmoth, (Docket Item Nos. 88, 89, 95, 119, 121, 123, 125, 127), ("Motions"). Upon consideration of the Motions, it is **ORDERED** as follows:

    1.    The Motions will be considered a request by the defendants for disclosures pursuant to Federal Rules of Criminal Procedure Rule 16(a). The United States Attorney's Office shall confer with defense counsel and arrange a date by no later than January 6, 2020, on which defense counsel may inspect and copy the materials described in Federal Rules of Criminal Procedure 16(a)(1). Note should be taken of the defendants' disclosure obligations under Fed. R. Crim. P. 16(b), and such disclosures should be made by no later than January 13, 2020;

    2.    Defense counsel may make an electronic copy of any materials provided by the Government to be given to the appropriate person at the facility holding the defendants for use to allow the defendants to view these materials
-1-

while supervised in a secure location (i.e., warden's office or counselor's office). These materials may not be given directly to the defendants, may not be downloaded in any form or printed by the defendants. The defendants are advised that violation of this Order may result, in addition to other potential penalties, in the defendants being required to show cause why the defendants should not be held in contempt of court. Defense counsel must retrieve the electronic copy of these materials at the conclusion of the case and delete or destroy the electronic copy of these materials.

       3.      To the extent that the defendants seek disclosure of material described in *Brady v. Maryland*, 373 U.S. 83 (1963), and related cases, including *United States v. Giglio,* 405 U.S. 150 (1972) (impeachment evidence), the government's obligations to produce these materials in a timely manner exist regardless of any specific direction by the court, *see United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983);

       4.      Insofar as the defendants seek notice of the Government's intention to use evidence at trial pursuant to Federal Rules of Evidence Rule 404(b). the Government shall provide such notice at least 30 days prior to the defendants' final pretrial conference' and

       5.      Otherwise than as set forth herein, the Motions are **DENIED**.

       ENTER:    November 15, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-2-

Case 1:19-cr-00047-JPJ-PMS   Document 131   Filed 11/15/19   Page 2 of 2   Pageid#: 189